FILED
LORAIN COUNTY

2019 JUN 27 AM 9:56

COURT OF COMMON PLEAS
TOM ORLANDO

IN THE COURT OF COMMON PLEAS
LORAIN COUNTY, OHIO

| | | |
|---|---|---|
| **SUZANNE KESSLER** <br> P.O. Box 113 <br> Galveston, Indiana 46932 <br><br> *Plaintiff*, <br><br> vs. <br><br> **SANDUSKY RESORTS, INC.** <br> d/b/a or a/k/a South Shore Inn <br> 2047 Cleveland Road <br> Sandusky, Ohio 44870 <br><br> <u>Also Serve:</u> <br> Sandusky Resorts, Inc. <br> Attn: Neema Patel, Statutory Agent <br> d/b/a South Shore Inn <br> 205 Brandon Boulevard <br> Sandusky, Ohio 44870 <br><br> -and- <br><br> **SANDUSKY HOSPITALITY, INC.** <br> d/b/a or a/k/a South Shore Inn <br> c/o Sunny Patel, Statutory Agent <br> 902 Brandon Boulevard <br> Sandusky, Ohio 44870 <br><br> <u>Also Serve:</u> <br> Sandusky Hospitality, Inc. <br> d/b/a South Shore Inn <br> 2047 Cleveland Road <br> Sandusky, Ohio 44870 <br><br> -and- | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | CASE NO: 19CV198500 <br><br> JUDGE: <br><br> JUDGE D. CHRIS COOK <br><br><br> **COMPLAINT** <br><br> *(Jury Demand Endorsed Hereon)* |



| | |
|---|---|
| **RANCHO PILLOW, LTD.**<br>351 Williamsburg Drive<br>Avon Lake, Ohio 44012<br><br>-and-<br><br>**JOHN DOES 1 THROUGH 10**<br>(Names and addresses currently unknown)<br>Corporation(s), partnership(s), other<br>business entities and/or individuals<br>described in more detail herein.<br><br>*Defendants.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

NOW COMES Plaintiff Suzanne Kessler, by and through the undersigned counsel, and for her complaint against the Defendants, states as follows:

## PARTIES, VENUE AND JURISDICTION

1. At all times relevant herein, Plaintiff Suzanne Kessler was and remains a resident of the State of Indiana.

2. At all times relevant herein, Defendant Sandusky Resorts, Inc., d/b/a or a/k/a South Shore Inn, was (and remains) a for-profit corporation or other business entity organized and existing under the laws of the State of Ohio with a principal place of business located at 902 Brandon Boulevard, Sandusky, Ohio and was doing business in Erie County, Ohio.

3. At all times relevant herein, Defendant Sandusky Hospitality, Inc., d/b/a or a/k/a South Shore Inn, was (and remains) a for-profit corporation or other business entity organized and existing under the laws of the State of Ohio with a principal place of business located at 902 Brandon Boulevard, Sandusky, Ohio and was doing business in Erie County, Ohio.

4. At all times relevant herein, Defendant Rancho Pillow, Ltd. was (and remains) a for-profit

2

limited liability company or other business entity organized and existing under the laws of the State of Ohio with a principal place of business located at 351 Williamsburg Drive, Avon Lake, Ohio and was doing business in Erie County, Ohio.

5. At all times relevant herein, Defendants John Does 1 through 10 are individuals, agencies, corporations, partnerships, and/or other business entities who are/were organized and existing under the laws of Ohio and/or some other state. The exact name(s), address(es) and identity(ies) of John Does 1 through 10 are currently unknown and could not be discovered with reasonable and due diligence prior to the filing of this Complaint. Plaintiff will seek leave to amend this Complaint to specifically identify the exact names and addresses of John Does 1 through 10 once their exact names and addresses are discovered, known and identified.

## COUNT ONE
### (Negligence)

6. Plaintiff incorporates, restates, and re-alleges each and every preceding paragraph as if fully rewritten herein.

7. Plaintiff believes and therefore states that at all times relevant herein, Defendants, individually or jointly, owned, co-owned, managed, possessed, operated, controlled, staffed and/or maintained the South Shore Inn located at 2047 Cleveland Road, Sandusky, Ohio 44870 (hereinafter the "South Shore Inn").

8. Defendants' operation of the South Shore Inn is supported solely on the basis of business invitees. Defendants, through various advertising media, advertise for and solicit the business of individuals, including Plaintiff Suzanne Kessler, and invites members of the general public. to its premises for the purpose of renting rooms therein.

3

9. Legionella bacteria can grow and multiply in water systems. It poses a significant danger to people utilizing contaminated water systems. Such contaminated water can easily cause illness when water vapor or mist is inhaled. Once inhaled, the Legionella bacteria can cause Legionnaires' Disease (Legionellosis), which is a severe form of pneumonia.

10. Hotel and motel spas/hot tubs and pools, such as those at the South Shore Inn, are frequently the source of Legionella bacteria exposure and cause of Legionnaires' Disease.

11. Defendants knew or should have known of the frequent and inherent dangers of Legionella bacteria exposure and Legionnaires' Disease with their pool and spa/hot tub at the South Shore Inn.

12. Defendants knew or should have known of the importance and necessity to properly maintain their pool and spa/hot tub at the South Shore Inn so as to prevent such Legionella bacteria contamination, exposure, dangers and outbreaks.

13. Defendants knew or should have known that its water systems could become contaminated with Legionella bacteria if not properly maintained.

14. On or about July 3, 2017 and July 4, 2017, Plaintiff Suzanne Kessler was lawfully on the premises of and was a business invitee and guest at the South Shore Inn.

15. At that same time and place, Plaintiff Suzanne Kessler used the spa/hot tub of the South Shore Inn and was exposed to the Legionella bacteria, resulting in her contracting Legionnaires' Disease and sustaining the injuries, harms, damages and losses described more fully below.

16. Defendants owed a duty to invitees of the South Shore Inn, including Plaintiff Suzanne Kessler, to use ordinary and reasonable care under the circumstances, including keeping the water systems including the pool and spa/hot tub free from harmful and dangerous

pathogens, including Legionella bacteria.

17. Defendants breached their duty to Plaintiff in each of, but not limited to, the following ways:

   a. Failing to timely, properly and adequately monitor, sample and test its water systems (including the pool and spa/hot tub);

   b. Failing to implement a water management plan, including testing and sanitizing, sufficient to prevent Legionella bacteria in their pool and spa/hot tub, in order to protect its guests, patrons and invitees;

   c. Failing to adequately, properly and timely analyze, test, monitor and assess the safety of its water supply and systems (including the pool and spa/hot tub) in light of the risks posed by Legionella bacteria;

   d. Failing to adequately, properly and timely install, implement or apply proper chemical treatments of its water supply (including the pool and spa/hot tub);

   e. Failing to adequately, properly and timely perform regular and proper assessments of its water supply and systems (including the pool and spa/hot tub), including inadequate testing protocols;

   f. Failing to adequately train, supervise, inform, and instruct its employees, agents, contractors or those acting on their behalf regarding the safe operation of its water supply (including the pool and spa/hot tub) in light of the risks of Legionella bacteria contamination;

   g. Failing to maintain the pool and spa/hot tub with the degree of care and caution required of a reasonable and prudent motel owner, operator and person under similar circumstances;

  h. Failing to properly maintain the pool and spa/hot tub in a reasonable and safe condition;

  i. Failing to inspect the premises, including the pool and spa/hot tub for a dangerous condition in a timely, proper, reasonable, and adequate manner;

  j. Failing to remove, address and/or repair a dangerous condition on the premises, including in the pool and spa/hot tub;

  k. Failing to enact and enforce policies and procedures to keep the premises, including the pool and spa/hot tub, in a reasonable and safe condition;

  l. Failing to timely warn guests, invitees and patrons, including Plaintiff, of the dangerous condition of the pool and spa/hot tub; and

  m. Defendants were otherwise negligent or otherwise failed to exercise ordinary, reasonable or due care.

18. Defendants created a dangerous condition on the premises of the South Shore Inn which resulted in the presence of Legionella bacteria by maintaining the premises in a manner that threatened the health and safety of their guests and invitees, including Plaintiff, and failed to timely and properly remedy this condition and warn their guests and invitees.

19. The dangerous and defective condition complained of herein existed for a sufficient period of time prior to Plaintiff's exposure such that Defendants, in the exercise of reasonable care, knew or should have known of the dangerous and defective condition and should have taken steps to address, eliminate and remedy it and warn their guests and invitees, including Plaintiff.

20. Defendants, by and through their employees, contractors, agents or those acting on their behalf, had actual notice and knowledge of the dangerous and defective

6

condition of the premises - namely, the pool and spa/hot tub being at risk of and containing the Legionella bacteria - yet nonetheless failed to timely, adequately, and properly address, eliminate and remedy it and warn their guests and invitees, including Plaintiff.

21. Defendants, by and through their employees, contractors, agents or those acting on their behalf, caused, permitted, and/or allowed the premises (including the pool and spa/hot tub) to be, become, and remain in a dangerous and defective condition and failed to warn their guests and invitees, including Plaintiff.

22. Defendants are directly liable for their own negligent acts and omissions as well as for the acts and omissions of their employees, agents and servants by virtue of the doctrines of respondeat superior, employer-employee relations, agency, apparent agency, implied agency, master-servant relations, loaned servant relations, joint venture, joint and several liability, vicarious liability and/or contract.

23. Defendants, their employees, agents, contractors or those acting on their behalf, were solely responsible for maintaining the water systems, including the pool and spa/hot tub, at the South Shore Inn and were solely responsible for preventing Legionella bacteria from infecting their guests and invitees.

24. At all times relevant herein, the water systems, including the pool and spa/hot tub, at the South Shore Inn were under the exclusive dominion, control and management of Defendants, their employees, agents, contractors or those acting on their behalf.

25. The contamination and presence of Legionella bacteria in Defendants' pool and spa/hot tub on or about July 3 and July 4, 2017 would not have occurred in the ordinary course of events had Defendants not been negligent and had Defendants used reasonable care in the operation and maintenance of the pool and spa/hot tub.

7

26. The events alleged and the dangerous and defective condition that caused Plaintiff's disease, illness, complications and symptoms does not occur in the absence of negligence.

27. No action of Plaintiff in any way caused or contributed to the contamination and presence of Legionella bacteria in Defendants' pool and spa/hot tub.

28. As a direct and proximate result of Defendants' negligence, Plaintiff Suzanne Kessler contracted Legionnaires' Disease with complications and symptoms including, without limitation, acute hypoxic respiratory failure, severe community acquired Legionella pneumonia, sepsis, exacerbation of chronic obstructive pulmonary disease, encephalopathy, anemia, chronic pain, muscle aches, leukocytosis, breathing difficulty, weakness and fatigue, memory loss, and numerous and various other currently undiagnosed or unknown injuries. Some or all of these injuries, illness, complications and symptoms resulted in severe, prolonged, ongoing, and/or permanent physical, mental and emotional trauma, pain, suffering, illness, discomfort, limitations, restrictions and/or disability; all of which Defendants are liable for.

29. As a further direct and proximate result of Defendants' negligence, Plaintiff Suzanne Kessler required medical care, treatment and therapy for her injuries, disease, illness, complications and symptoms and expects to require additional medical care, treatment and therapy in the future.

30. As a further direct and proximate result of Defendants' negligence, Plaintiff Suzanne Kessler incurred extensive expenses for the evaluation, diagnosis, care and treatment of her injuries, disease, illness, complications and symptoms and expects to incur additional expenses into the future; all of which Defendants are liable for.

31. As a further direct and proximate result of Defendants' negligence, Plaintiff Suzanne

Kessler suffered (and will continue to suffer) a loss in the enjoyment of her life and in her ability to live free of pain, discomfort and disability and has suffered (and will continue to suffer) a loss of her ability to perform her usual functions including those involved with daily activities as well as those activities from which she derived pleasure and enjoyment; all of which Defendants are liable for.

32. As a further direct and proximate result of Defendants' negligence, Plaintiff Suzanne Kessler has incurred (and will continue to incur) economic losses and out-of-pocket expenses including, but not limited to, prescription and medical supply expenses and charges, as well as fees and expenses related to prosecuting this action; all of which Defendants are liable for.

33. Plaintiff believes that some or all of her injuries, complications, symptoms, damages, harms, and losses as stated herein are ongoing, long lasting and/or permanent and will continue into the indefinite future.

34. Plaintiff further believes and therefore states that if and to the extent that the evidence demonstrates that her injuries, disease, illness, complications, symptoms, damages, harms and losses set forth herein is the result of misconduct on the part of the Defendants that constitutes willful, wanton, intentional, deliberate and malicious conduct, and/or a conscious, reckless or flagrant disregard for the rights and safety of another person (including Plaintiff) which had a great probability of causing substantial harm, then Plaintiff is also entitled to an award of punitive damages, legal fees, and litigation expenses against the Defendants.

35. Plaintiff further believes and there states that if and to the extent that the Defendants authorized, par         or ratified acts or omissions of its officer(s), director(s),

9

supervisor(s), foremen, employee(s), agent(s), servant(s), and/or subcontractor(s) that constitute willful, wanton, intentional, deliberate and malicious conduct, and/or demonstrates a conscious, reckless and/or flagrant disregard for the rights and safety of another person (including Plaintiff) which had a great probability of causing substantial harm, thereby also entitling Plaintiff to an award of punitive damages against the Defendants.

WHEREFORE, Plaintiff Suzanne Kessler demands judgment against Defendants, Sandusky Resorts, Inc., Sandusky Hospitality, Inc., Rancho Pillow, Ltd. and John Does 1 through 10, jointly and severally, for compensatory damages in excess of Twenty-Five Thousand Dollars ($25,000.00), plus punitive damages in excess of Twenty-Five Thousand Dollars ($25,000.00), plus attorney fees, litigation expenses, costs of this action and such further relief as the Court may deem just and proper.

Respectfully submitted,
*PLEVIN & GALLUCCI CO., L.P.A.*

David R. Grant (0065436)
Frank L. Gallucci, III (0072680)
55 Public Square, Suite 2222
Cleveland, Ohio 44113
Tel: (216) 861-0804   Fax: (216) 861-5322
Email: dgrant@pglawyer.com
*Counsel for Plaintiff*

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues raised herein.

_____
David R. Grant (0065436)
Frank L. Gallucci, III (0072680)
*Counsel for Plaintiff*

# LORAIN COUNTY COURT OF COMMON PLEAS
LORAIN COUNTY JUSTICE CENTER
225 COURT STREET
ELYRIA, OHIO 44035

SUZANNE KESSLER
PO BOX 113
GALVESTON, IN 46932

CASE NO. 19CV198500

VS.

TO: RANCHO PILLOW LTD
351 WILLIAMSBURG DR
AVON LAKE, OH 44012

## SUMMONS ON COMPLAINT

You have been named defendant in a complaint filed in Lorain County Court of Common Pleas by plaintiff(s):

SUZANNE KESSLER
PO BOX 113
GALVESTON, IN 46932

A copy of the complaint is attached hereto. The name and address of the plaintiff's attorney is:

You are hereby summoned and required to serve a copy of your answer to the complaint upon the plaintiff's attorney, or upon the plaintiff, if he has no attorney of record, within **TWENTY-EIGHT (28) DAYS** after service of this summons on you, exclusive of the day you receive it. Your answer must **ALSO** be filed with this Court within three (3) days after you serve, (delivered or by mail), a copy of your answer on the plaintiff's attorney.

If you fail to appear and defend, judgment by default will be rendered against you for the relief demanded in the complaint.

*TOM ORLANDO*
CLERK OF COURTS OF COMMON PLEAS
LORAIN COUNTY, OHIO

7/5/2019

BY: _____
Deputy Clerk

*19CV198500*

U.S. POSTAGE >> PITNEY BOWES

ZIP 44035 $ 007.60
02 4W
0000346200 JUL. 05 2019

CERTIFIED MAIL

9414 7266 9904 2139 3774 65

**TOM ORLANDO**
Lorain County Clerk of Courts
225 Court Street - First Floor
Elyria, OH 44035-5512

**RETURN RECEIPT REQUESTED
USPS® MAIL CARRIER
DETACH ALONG PERFORATION**

Thank you for using Return Receipt Service

Thank you for using Return Receipt Service

Thank you for using Return Receipt Service

**RETURN RECEIPT REQUESTED
USPS® MAIL CARRIER
DETACH ALONG PERFORATION**

FOLD AND TEAR THIS WAY

Thank you for using Return Receipt Service

TOM ORLANDO
Lorain County Clerk of Courts
225 Court Street - First Floor
Elyria, OH 44035-5512

9414 7266 9904 2139 3774 65

U.S. POSTAGE >> PITNEY BOWES
ZIP 44035 $ 007.60
02 4W
0000346200 JUL 05 2019